RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 1/7/11
BY_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

SALVADOR ADAM MENDOZA     DOCKET NO. 10-cv-1015; SEC. P
#14603-081

VERSUS     JUDGE JAMES T. TRIMBLE, JR.

J.P. YOUNG     MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Pro se petitioner Salvador Adam Mendoza filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons. His present place of incarceration is unknown. At the time of filing, Plaintiff was incarcerated at the Federal Correctional Institution in Oakdale, Louisiana. He complains of long term segregation in the special housing unit without due process and a loss of good time credits.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Law and Analysis

Federal Rule of Civil Procedure 41(b) permits dismissal of claims for failure of the petitioner to prosecute or to comply with the Federal Rules of Civil Procedure or a court order. The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. Link v. Wabash R.R.Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is

necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[ ]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days."

On September 7, 2010, the court ordered Petitioner to amend his petition to provide additional information. The amended petition was due on October 7, 2010. The order was returned to the clerk as undeliverable. A notice of intent to dismiss Plaintiff's suit was issued by the clerk of court on December 22, 2010, for Petitioner's failure to keep the Court apprised of his address.

Over three months have lapsed since the order directing Petitioner to amend his complaint was issued, and Petitioner has not notified the court of his present location.

Therefore, **IT IS RECOMMENDED** that Plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

**Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and**

Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this ___ day January, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE